UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO GENERAL INSURANCE COMPANY,

    Plaintiff,

v.                                            Case No.: 8:07-cv-1019-T-24-EAJ

ERIC C. GILLIARD,

    Defendant.

_____/

## **ORDER**

This cause comes before the Court on Defendant Eric C. Gilliard's Motion to Dismiss, Stay, or Abate Complaint for Declaratory Judgment. (Doc. No. 5.)  Plaintiff Geico General Insurance Company opposes the motion.  (Doc. No. 9.)

**I.     Background**

Geico, an automobile insurer, brought this suit pursuant to 28 U.S.C. 2001 and 2002 for declaratory relief against Gilliard, who is Geico's insured.  On March 2, 2004, Gilliard was involved in an automobile accident in which his vehicle was struck by an uninsured driver. (Pl.'s Compl. at ¶¶ 10–11.)  Subsequently, on June 18, 2004, Gilliard made a demand for the full amount available under the terms of the policy's uninsured motorist coverage, a sum limited by the policy to $40,000.00.  (*Id.* at ¶¶ 13, 24; Ex. A.)  Geico initially declined to offer the full policy limit (*id.* at ¶ 14), and Gilliard eventually sought uninsured motorist benefits in a civil suit filed on November 15, 2004 in the Florida Circuit Court of the Sixth Judicial Circuit in Pasco County (Doc. 5 at 2; Ex. D at ¶ 7).  On or about January 26, 2007, a jury verdict in favor of Gilliard was entered in the amount of $226,623.34.  (Pl.'s Compl. at ¶ 19; Doc. 5, Ex. C.)

Shortly thereafter, on February 8, 2007, Gilliard filed a Motion for Leave to Amend to Add Claim for Violation of § 624.155, Florida Statutes, alleging that Geico failed to attempt a good-faith settlement with him. (*Id.* at ¶ 20; Doc. 5 at 2; Ex. D.) In order to give Geico an opportunity to appeal the excess jury verdict, the state court denied the motion to amend without prejudice. (Doc. 5 at 2.) No such appeal followed, and on April 12, 2007 Gilliard filed a Renewed Motion for Leave to Amend to Add Claim for Violation of § 624.155, Florida Statutes (hereinafter "Renewed Motion to Amend"), and the state court set a hearing on the motion for June 26, 2007. (*Id.*; Ex. E.)

Approximately two weeks before this scheduled hearing, on June 14, 2007, Geico filed the instant Complaint for Declaratory Judgment seeking a declaration from this Court that Geico properly discharged its obligations of good faith in the handling of Defendant's claim for uninsured motorist benefits, and that Geico's liability to Gilliard is thus limited to the $40,000.00 policy limit. (Pl.'s Compl. at ¶ 26.) Following the June 26, 2007 hearing, the state court granted Gilliard's Renewed Motion to Amend, expressly concluding that it retained jurisdiction over the parties and all claims arising out of the uninsured motorist policy, and deeming Gilliard's Fourth Amended Complaint filed as of the date of the hearing. (Doc. 5 at 3; Ex. F.)

**II. Discussion**

Gilliard now moves the Court to decline to exercise its jurisdiction over Plaintiff's declaratory action, preferably by dismissing Plaintiff's claim, or, alternatively, by staying this action pending the resolution of the state court proceeding. Gilliard argues that Geico filed this declaratory action in federal court as a mere race to *res judicata*, hoping to circumvent the possibility of a further negative verdict in what he sees as the ongoing dispute in state court.

Geico, on the other hand, contends the bad faith claim now pending before the state court is an entirely separate claim from the initial uninsured motorist claim on which Defendant was awarded an excess verdict. As such, Geico argues it had the right to seek a declaratory judgement in federal court, and further argues its federal court declaratory action is "first in time" to Gilliard's state court "bad faith" claim because the latter was not effectively filed until June 26, 2007, when the state court granted Gilliard's motion to amend.

Pursuant to 28 U.S.C. § 2201(a), a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Declaratory Judgment Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995). However, "[i]t only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). While district courts may not decline to hear actions for declaratory relief "on the basis of whim or personal disinclination," this standard is clearly generous. *Angora v. Condo. Ass'n of Lakeside Village, Inc.*, 796 F.2d 384 387 (11th Cir. 1986).

While the United States Supreme Court has "not set out an exclusive list of factors governing the district court's exercise of this discretion," it has provided at least some guidance. *Wilton*, 515 U.S. at 282, 115 S. Ct. at 2140. For instance, the Court has stated that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316

U.S. 491, 495, 62 S. Ct. 1173, 1175–76, 86 L. Ed. 1620 (1942).  Further, "the scope of the pending state court proceeding and the nature of defenses open there," as well as "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, [and] whether such parties are amenable to process in that proceeding," have all been articulated as criteria a district court may wish to consider when contemplating whether to extend its jurisdiction to a declaratory action.  *Id.*, 62 S. Ct. at 1176.

In addition, the Eleventh Circuit has articulated a non-exhaustive list of factors that district courts should consider when determining whether to extend jurisdiction to a declaratory action when a similar proceeding is pending in state court:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Roach*, 411 F.3d at 1331.

Applying these guidelines to the facts of this case, the Court concludes that it would be most equitable to refrain from extending its jurisdiction to Geico's declaratory action.  Geico seeks a declaration on matters to be substantively governed by Florida state law; namely, whether it made a good-faith attempt to settle the uninsured motorist claim made by Gilliard, as

required by Florida Statutes Section 624.155.  Furthermore, that Geico chose to file a declaratory action in this Court with full knowledge that Gilliard's Renewed Motion to Amend was pending before the state court suggests that it was filed merely in anticipation of an order from the state court granting leave to add the bad faith claim.[1]  Under the circumstances, such anticipatory filing implies both a race to *res judicata* and an effort to shop for a forum Geico felt would be most amenable to its position.

Because many of the same facts that were relevant to Gilliard's uninsured motorist claim will likely be pertinent to any bad faith claim, it is also in the interest of judicial economy to allow the remaining issues to be adjudicated by the state court, which is already well-versed in the case's intricacies.  Furthermore, the state court has expressly determined it retained jurisdiction over Gilliard's bad faith claim, and will thus allow him to proceed on the claim's merits.  Therefore, allowing Geico to pursue a coinciding declaratory action in this Court would risk creating friction between the federal and state judiciaries.  Finally, the state court will be no less burdensome a forum for the parties and witnesses than this Court, given the state court's proximity to Tampa where this Court resides.

---

[1] The Court is also mindful that Florida law prohibited Gilliard from asserting its bad faith claim until Geico's right to appeal the adverse jury verdict in the state court had expired, since "both the existence of liability and the extent of damages are elements of a statutory cause of action for bad faith . . . ."  *Progressive Select Ins. Co. v. Shockley*, 951 So. 2d 20, 20 (Fla. 4th DCA 2007).  Geico was aware of this prohibition, as it objected to Gilliard's first motion seeking leave to amend on the basis that it was untimely.

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. No. 5) is **GRANTED**. To the extent that Defendant alternatively requests a stay, that request is **DENIED AS MOOT**. The clerk is directed to terminate any pending motions and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of September, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of record